FILED '06 OCT 04 09:44 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CAROLYN HOWE,                                              Civ. No. 06-6131-AA

      Plaintiff,                                OPINION AND ORDER

  v.

LAKE COUNTY, OREGON, and COUNTY
EMPLOYEES RAY SIMMS AND ROSS
MCGARVA,

      Defendants.
_____

Aiken, Judge:

    On June 7, 2006, plaintiff, appearing *pro se*, filed a complaint alleging that Lake County officials forced the removal of her home in violation of her liberty interests. On July 10, 2006, the court granted plaintiff *in forma pauperis* (IFP) status and directed the U.S. Marshal to issue service on defendants. After receiving summons and service forms from plaintiff, defendants were served by certified mail on August 1, 2006.

    Defendants Ray Simms and Ross McGarva now move to dismiss

Page 1   - OPINION AND ORDER

plaintiff's claims on grounds that they were not served properly and that plaintiff fails to state a claim for which relief may be granted. Defendants' motion is denied.

## DISCUSSION

### A. Improper Service

Defendants argue that service was improper, because plaintiff served copies of the summons and complaint on defendants by certified mail only, rather than by certified and first-class mail. Defendants are correct that to effectuate service by mail under Oregon law, a plaintiff must send a copy of the summons and the complaint by first class mail and either registered, certified, or express mail, with a return receipt signed by the defendant. See Fed. R. Civ. P. 4(e)(1); Or. R. Civ. P. 7D(2)(d)(i). Here, defendants were served by certified mail, and an individual identified as an "agent" for defendants Simms and McGarva signed and dated the return receipts. See docs. 9 and 10. Defendants were not served by first class mail in addition to certified mail as required by Rule 7D(2)(d)(i).

However, plaintiff was granted IFP status and was entitled to rely upon proper service by the U.S. Marshal. 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [in forma pauperis] cases. . . ."); Fed. R. Civ. P. 4(c)(2) (the appointment of a U.S. Marshal or other officer to perfect service "must be made when the plaintiff is authorized

Page 2    - OPINION AND ORDER

to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 . . . ."). Further, numerous courts have found that good cause exists to excuse a plaintiff's improper service where the plaintiff is proceeding IFP. Moore v. Jackson, 123 F.3d 1082, 1085-86 (8th Cir. 1997); Byrd v. Stone, 94 F.3d 217, 219-20 (6th Cir. 1996); Dumaguin v. Sec'y of Health & Human Servs., 28 F.3d 1218, 1221 (D.C. Cir. 1994); Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990).

Given that defendants received actual notice of plaintiff's complaint, I find good cause to excuse improper service in this case. Regardless, the court will perfect service by directing the Clerk to send copies of the summons and complaint to defendants Ross and McGarva via first-class mail.

B. Failure to State a Claim

Defendants also move to dismiss plaintiff's complaint on grounds that she fails to state a colorable claim for a violation of her constitutional rights. I disagree.

Pro se complaints are to be construed liberally and may be dismissed only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Franklin v. Murphy, 745 F.2d 1221, 1228, 1230 (9th Cir. 1984) (internal quotation marks and citation omitted); see also Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988) ("In civil rights cases where the plaintiff appears pro se, the court must construe the pleadings

liberally and must afford plaintiff the benefit of any doubt."). At the same time, the court "may not supply essential elements of the claim that were not initially pled." Ivey v. Board of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

Construing her complaint liberally, plaintiff alleges that she was denied her "liberty" interest in owning a home when Lake County officials required the removal of her home and applied County rules inconsistently or arbitrarily. Attached to plaintiff's complaint are documents indicating that defendants Simms and McGarva made the decisions regarding the removal of plaintiff's home. As a whole, plaintiff alleges that Lake County, Ray Simms, and Ross McGarva deprived plaintiff of a property interest without due process, and I find that plaintiff adequately states a claim for a violation of her due process rights under 42 U.S.C. § 1983.

## CONCLUSION

Defendants' Motion to Dismiss (doc. 13) is DENIED. The Clerk is hereby directed to send defendants Ross and McGarva copies of the complaint and summons via first-class mail.

IT IS SO ORDERED.

Dated this 29 day of September, 2006.

_____
Ann Aiken
United States District Judge

Page 4     - OPINION AND ORDER