IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


CAROLYN HOWE,                                Civ. No. 06-6131-AA

      Plaintiff,                         OPINION AND ORDER

  v.

LAKE COUNTY, OREGON, and COUNTY
EMPLOYEES RAY SIMMS AND ROSS
MCGARVA,

      Defendants.
_____

Aiken, Judge:

    Plaintiff, appearing *pro se*, filed suit alleging that Lake County officials forced the removal and/or destruction of her mobile home without affording her due process of law.

    Plaintiff now moves for a declaratory judgment that she was denied due process of law when Lake County officials removed three vehicles from her property. In turn, defendants move for summary judgment on plaintiff's due process claim alleged in her complaint. Defendants argues that plaintiff did not possess a legally

Page 1    - OPINION AND ORDER

recognized property interest in the mobile home, and that they afforded her with notice and opportunity to be heard regarding its removal. Defendants' motion is granted, and plaintiff's motion is denied.

## FACTS

In the spring of 2004, a mobile home registered to Don and Carey Meyers was moved to property owned by D.L. Clark. Plaintiff claims an interest in the property through an unrecorded land sale contract with D.L. Clark.

The mobile home was moved and placed on Clark's property without the required trip and land use permits. Once placed on real property, the mobile home was subject to state certification of compliance with the Oregon Building Code. The mobile home was not in compliance with these provisions.

In July 2004, defendant Ross McGarva, a Lake County building official, placed a stop work order on the mobile home and reported it to defendant Ray Simms, Director of the Lake County Planning and Building Department. Simms discovered that the mobile home was registered to the Meyers and contacted them. The Meyers informed Simms that they had given the mobile home to a third party.

Plaintiff and her husband contacted defendant Simms by telephone. Simms explained the procedures that should have been followed in moving and placing the mobile home.

On July 23, 2004, Simms notified Clark by letter that a mobile

Page 2    - OPINION AND ORDER

home had been moved to his property without the necessary permits and that back taxes were owed on the mobile home. Simms gave Clark two options: 1) move the mobile home back to its original location and obtain the necessary permits; or 2) dismantle and dispose of the mobile home.

Plaintiff and her husband contacted Simms again. Plaintiff's husband indicated that he would dismantle the mobile home and remove it from the property by September 2004. The mobile home was partially dismantled but remained on the property.

On June 1 and August 22, 2005, Simms observed the property and saw no further progress in removing the mobile home. On September 22, 2005, McGarva reported no change in the mobile home.

On September 27, 2005, Simms wrote to Clark and indicated that in addition to being moved illegally, the mobile home was becoming a nuisance because of the debris. Simms directed Clark to respond by October 12, 2005 with a plan for removal of the home, or Lake County would consider declaring the mobile home a nuisance.

On October 5, 2005, Simms again wrote Clark about the need for progress in removing the remaining portion of the mobile home. Simms indicated that without improvement, on October 19, 1005 he would refer the matter to the County Commissioners and County Counsel for enforcement. This letter was copied to plaintiff's husband.

On December 27, 2005, Simms again sent Clark a letter. Simms

Page 3   - OPINION AND ORDER

stated that progress had ceased with respect to dismantling and removing the mobile home. Simms recognized that although plaintiff and her husband claimed ownership of the property through an unrecorded contract, Simms was required to communicate with Clark because title had not been legally transferred. Simms advised Clark that if the mobile home was not removed within thirty days, Lake County would issue a notice of nuisance abatement. This letter was copied to plaintiff and her husband.

On June 7, 2006, plaintiff filed this action, alleging violation of her due process rights.

On September 12, 2006, the Lake County Board of Commissioners issued a Notice of Abatement with respect to the partially dismantled mobile home. The Notice was issued to Clark and advised that if the nuisance was not removed within ten days of the notice, Lake County would remove the nuisance with the costs being assessed as a lien against the property. The Notice also advised Clark that he had a right to appeal the Notice of Abatement by filing a written notice of appeal within ten days.

## STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The

Page 4   - OPINION AND ORDER

materiality of a fact is determined by the substantive law on the issue. T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987). The authenticity of a dispute is determined by whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. Id. at 324.

Special rules of construction apply to evaluating summary judgment motions: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. T.W. Elec., 809 F.2d at 630.

## DISCUSSION

In her motion for declaratory judgment, plaintiff maintains that Lake County officials removed three vehicles from her property without due process of law. Defendant opposes plaintiff's motion and emphasizes that these allegations were not included in plaintiff's original complaint. I agree. Moreover, I find that

amendment would be futile, because plaintiff does not have a legally recognized interest in the property at issue. Plaintiff does not possess a legally recorded interest in the property, and Lake County provide notice and opportunity to be heard to D.L. Clark, the legal owner of the property. See Notice of Abatement attached to plaintiff's Motion for Declaratory Judgment (doc. 19). Moreover, plaintiff provides no evidence that she had a legal interest in the three vehicles. Therefore, plaintiff's motion is denied.

Defendants move for summary judgment on plaintiff's due process claim regarding the mobile home. Defendants argue that plaintiff does not have a protected property interest in the mobile home, and that defendants provided notice and the opportunity to be heard before commencing abatement proceedings.

The fundamental requirements of procedural due process are notice and an opportunity to be heard before the government may deprive a person of a protected liberty or property interest. Mathews v. Eldridge, 424 U.S. 319, 333 (1976). However, contrary to plaintiff's contention, there is no requirement "that a court must be involved in the process in order to comply with the constitution." Conner v. City of Santa Ana, 897 F.2d 1487, 1492-93 (9th Cir. 1990).

Further, a due process claim is cognizable only if there is a recognized liberty or property interest at stake. See Board of

Page 6   - OPINION AND ORDER

Regents of Calif. v. Roth, 408 U.S. 564, 569-70 (1972). Here, plaintiff fails to establish that she possessed a legally recognized property interest in the mobile home. Plaintiff asserts that the mobile home was given to her, but she presents no evidence that title was transferred to her, or that she attempted to transfer title in her name. Although plaintiff refers to a Certificate of Title for the mobile home, it does not indicate that title was transferred to her. See Oregon Vehicle Certificate of Title attached to Plaintiff's Memorandum of Fact (doc. 30). Therefore, plaintiff has no recognized property interest in the mobile home to support her due process claim.

Further, plaintiff fails to present evidence showing that she was denied notice and an opportunity to be heard regarding disposition of the mobile home. "[W]here a property owner is given written notice to abate a hazard on his or her property and has been given an opportunity to appear before the proper municipal body considering condemnation of the property, no due process violation occurs when the municipality abates the nuisance pursuant to the condemnation notice." Samuels v. Meriwether, 94 F.3d 1163, 1166-1167 (8th Cir. 1996) (citation omitted); see also Schneider v. County of San Diego, 28 F.3d 89, 92-93 (9th Cir. 1994) (no due process violation where the county gave owner of property given notice that vehicles were a nuisance and commenced abatement proceedings with right of judicial appeal).

Page 7    - OPINION AND ORDER

Even though Lake County was not required to give notice before declaring the mobile home a nuisance and issuing a Notice of Abatement, see <u>Kuzinich v. Santa Clara County</u>, 689 F.2d 1345, 1349 (9th Cir. 1982), Lake County gave written notice of the various requirements and violations to plaintiff and Clark several times over two years. In particular, plaintiff does not dispute that she received copies of the October 5 and December 27, 2005 letters to Clark from Simms. Additionally, Lake County issued a Notice of Abatement with the right of appeal. "Due process does not require additional opportunities to abate nuisances or to meet with City officials after the notice and hearing have been provided." <u>Samuels</u>, 94 F.3d at 1167. Therefore, I find no due process violation.

## CONCLUSION

Defendants' Motion for Summary Judgment (doc. 22) is GRANTED, and plaintiff's Motion for Declaratory Judgment (doc. 19) is DENIED. This case is dismissed.

IT IS SO ORDERED.

Dated this 8 day of February, 2007.

_____
Ann Aiken
United States District Judge

Page 8    - OPINION AND ORDER